| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | |
| | ) | |
| JOHN WOODS | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2013-CP - 10- 5524 |
| vs. | ) | |
| | ) | |
| THE BOEING COMPANY | ) | |
| Defendant(s) | ) | |

(Please Print)
Submitted By: Laura C. Waring
Address: PO Box 816 CHarleston, SC 29402

SC Bar #: 11706
Telephone #: 843 722-0311
Fax #: 843-722-1374
Other:
E-mail: laura.waring@grimcab.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

[✓] **JURY TRIAL** demanded in complaint.    [ ] **NON-JURY TRIAL** demanded in complaint.
[ ] This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| [ ] Constructions (100) | [ ] Dental Malpractice (200) | [ ] Assault/Slander/Libel (300) | [ ] Claim & Delivery (400) |
| [ ] Debt Collection (110) | [ ] Legal Malpractice (210) | [ ] Conversion (310) | [ ] Condemnation (410) |
| [✓] Employment (120) | [ ] Medical Malpractice (220) | [ ] Motor Vehicle Accident (320) | [ ] Foreclosure (420) |
| [ ] General (130) | Previous Notice of Intent Case # | [ ] Premises Liability (330) | [ ] Mechanic's Lien (430) |
| [ ] Breach of Contract (140) | 20____-CP-____-_____ | [ ] Products Liability (340) | [ ] Partition (440) |
| [ ] Other (199) | [ ] Notice/ File Med Mal (230) | [ ] Personal Injury (350) | [ ] Possession (450) |
| | [ ] Other (299) | [ ] Wrongful Death (360) | [ ] Building Code Violation (460) |
| | | [ ] Other (399) | [ ] Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| [ ] PCR (500) | [ ] Death Settlement (700) | [ ] Reinstate Driver's License (800) | [ ] Arbitration (900) |
| [ ] Mandamus (520) | [ ] Foreign Judgment (710) | [ ] Judicial Review (810) | [ ] Magistrate-Civil (910) |
| [ ] Habeas Corpus (530) | [ ] Magistrate's Judgment (720) | [ ] Relief (820) | [ ] Magistrate-Criminal (920) |
| [ ] Other (599) | [ ] Minor Settlement (730) | [ ] Permanent Injunction (830) | [ ] Municipal (930) |
| | [ ] Transcript Judgment (740) | [ ] Forfeiture-Petition (840) | [ ] Probate Court (940) |
| | [ ] Lis Pendens (750) | [ ] Forfeiture—Consent Order (850) | [ ] SCDOT (950) |
| | [ ] Transfer of Structured Settlement Payment Rights Application (760) | [ ] Other (899) | [ ] Worker's Comp (960) |
| | | | [ ] Zoning Board (970) |
| | [ ] Other (799) | | [ ] Public Service Commission (990) |
| Special/Complex /Other | | | [ ] Employment Security Comm (991) |
| [ ] Environmental (600) | [ ] Pharmaceuticals (630) | | |
| [ ] Automobile Arb. (610) | [ ] Unfair Trade Practices (640) | | [ ] Other (999) |
| [ ] Medical (620) | [ ] Out-of State Depositions (650) | | |
| [ ] Other (699) | [ ] Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | [ ] Sexual Predator (510) | | |

Submitting Party Signature: _____    Date: 09/19/2013

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (01/2010)                                                                                               Page 1 of 2

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | C.A. NO.: 2013-CP-10-5524 |
| | |
| JOHN WOODS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **SUMMONS** |
| ) | |
| THE BOEING COMPANY, ) | Wrongful Discharge in Violation of Public Policy |
| ) | |
| Defendant. ) | |
| _____) | |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to the said Complaint on the Plaintiff or its counsel, Laura C. Waring, at the offices of Grimball & Cabaniss, LLC 473 Savannah Highway, Charleston, South Carolina, 29407, or at Post Office Box 816, Charleston, South Carolina, 29402, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint in this action within the time aforesaid, the Plaintiff will apply to the Court for Judgment by default for the relief demanded in the Complaint.

Dated: September 19, 2013
Charleston, South Carolina

GRIMBALL & CABANISS, L.L.C.

By_____
LAURA C. WARING
PO Box 816
Charleston, SC 29402
(843) 722-0311
e-mail: laura.waring@grimcab.com
ATTORNEYS FOR THE PLAINTIFF

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| --- | --- | --- |
| | ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | C.A. NO.: 2013-CP-10- 5524 |
| | | |
| JOHN WOODS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| THE BOEING COMPANY, | ) | Wrongful Discharge in Violation of Public Policy |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff John Woods ("Plaintiff") brings this action against Defendant The Boeing Company ("Boeing") based on the allegations set forth below.

## PARTIES

1.  Mr. Woods is an engineer who was employed by Boeing to, among other things, create and design repair templates for the first of its kind all composite fuselage of the 787 Dreamliner.

2.  Boeing is a foreign corporation supported in part by public funds from the State of South Carolina and/or expending public funds; which opened a North Charleston, South Carolina, facility in 2009 specifically based upon incentives and large sums of public money given to promote and develop South Carolina's economy.

## JURISDICTION

3.  The Court has subject matter jurisdiction over the claims in this lawsuit under common law, as a court of last resort since a Court of competent jurisdiction has ruled that the South Carolina Whistleblower Act, South Carolina Code § 8-27-10 et sec., does not apply to

Boeing, thus leaving Mr. Woods without an adequate remedy at law for these specific violations of public policy, even if he might be entitled to relief under the ADAAA for discrimination specific to his disabilities.

4. The Court has personal jurisdiction over Boeing because it operates and maintains property in South Carolina.

## VENUE

5. Venue is proper in this circuit because Boeing operates and owns property in Charleston County.

## FACTS

6. In September 2009, John Woods was hired by Boeing for the Position of Level 3 Manufacturing Engineer.

7. As an engineer with over 20 years experience, one of Woods' job functions was to create and design composite repair templates which were to be used in guiding subsequent fuselage repairs so that these repair processes would be conducted uniformly.

8. For the first ten months at Boeing, Woods was engaged in production and repair of the fiber reinforced plastic (composite material) fuselage of the 787. He interacted with other Boeing employees around the country to share necessary data for quality assurance, reviewing existing planning instruments and repair specifications, and setting up training programs which would insure that those performing these repairs had proper certification to do so.

9. In the first ten months, Woods did not receive any substantial criticism of his work and was not subject to any formal or informal disciplinary actions, but he began to experience harassment and retaliation for speaking out about quality concerns, culminating on or

around July 13, 2010 when he submitted a written complaint to Boeing Human Resources, under its internal complaint policies, that he was experiencing harassment and retaliation for his insistence on adhering to appropriate quality and safety standards.

9. After that report, Mr. Woods continued to receive harassment and retaliation for his insistence on quality and safety standards, not only from coworkers, but from production supervisors and managers, and his own Manufacturing Engineering supervisor and manager. The harassment was so severe and pervasive that Woods reported additional internal complaints to Boeing Ethics on September 14, 2010.

10. On September 17, 2010, Mr. Woods emailed the Boeing Ethics representative Jefffry Culp with further complaints of harassment and retaliation. Boeing employees were pressuring him to remove FAA specifications from his work instruction documents and restricting his communication. These particular operations were specifically required to be included in the work instructions by law, including but not limited to Title 14, Code of Federal Regulations, Parts 21 and 43.

11. On September 21, 2010 Boeing fired Mr. Woods while his Boeing Ethics complaint and separate Boeing EEO complaint were still pending, for failure to abide by its Performance Improvement Plan.

12. On December 10, 2010, months after termination, Boeing dismissed Woods' Ethics complaints. Because Plaintiffs' concerns were not only specific to his own well-being but had the potential to affect the safety, employment, and well-being of others, he made a formal complaint to OSHA and DOL as well as the Federal Aviation Authority, "FAA."

13. On July 27, 2011, the FAA sent a letter to Woods, thanking his for his assistance and informing him that their investigation of Boeing had established "that a violation of an order, regulation, or standard relating to air carrier safety operations may have occurred" and the FAA was taking appropriate corrective action [Exhibit A]. He was not told exactly what the FAA had found or what the corrective action was. Subsequently, Woods requested the results of the investigation under the Freedom of Information Act, hereinafter "FOIA," which he received January 13, 2012.

14. Upon review of the FAA FOIA responses in January 2012, Woods learned that in July 2011, the FAA had found that the manufacturing planning for Material Review Board repairs at Boeing South Carolina did not meet specification requirements and lacked revision control.

15. In August 2012, in the course of discovery in a separate lawsuit concerning Boeing's discrimination against Woods under the Americans With Disabilities Act, as amended, "ADAAA," Woods came into possession of certain documents which he did not have at the time of his FAA complaint or internal Boeing complaints. These documents revealed that as early as June 2010, his Boeing supervisors and other team leaders had been working to get him removed from his position.

16. Long after the fact, it became evident Boeing supervisors and team leaders had actively tried to prevent Woods from communicating with his counterparts in Everett Washington so that Boeing South Carolina could handle its own business. Had Woods known more specifically what had transpired prior to his termination, he would have reported that information to be investigated in tandem with his FAA complaint.

## FOR A FIRST CAUSE OF ACTION
### (Violation of Public Policy)

17. Plaintiff incorporates the allegations of paragraphs 1-16 as if stated verbatim.

18. The FAA has promulgated numerous specifications which are clear mandates for public policy, including certification for products, articles, and part of aircrafts.

19. Fuselage is a primary structural part, failure of which could cause mass casualty. Types of failures include weakened structural properties, tensile strength, compression strength, and flexure strength. Dynamic (cyclic) loading on the fuselage could create fatigue damage at the repair site which could increase over time and ultimately fail. If a repair is conducted with incomplete or faulty instructions or incomplete/improper training, this repair may skip certain inspections points, which could have deleterious results, including delamination, leading to a large structural flaw.

20. Plaintiff reported to the FAA that Boeing utilized inadequate manufacturing planning documents that lacked revision control and were missing inspection steps.

21. The FAA found that the manufacturing planning for Material Review Board repairs at Boeing South Carolina did not meet specification requirements and lacked revision control.

22. The FAA also found Boeing South Carolina deviated from manufacturing planning requirements by substituting the instruction 'verify' for 'inspect' in multiple instances and by omitting required references of manufacturing planning.

23. If John Woods had taken out the FAA specifications from his work product, as he was pressured to do, it would have been in violation of Federal Law.

24.  After Woods complained to Ethics about the pressure placed upon him to lower his work detail standards, he was fired for cause one week later. It was over a year before he was able to find permanent employment.

24.  Woods has been forced to hire present counsel in order to prosecute these claims and clear his employment history, and has suffered severe financial losses and humiliation.

WHEREFORE, Plaintiff prays for the following relief.

a.  Public apology for its actions taken against Woods in violation of public policy and retraction of disciplinary actions from his employment file;.

b.  Reinstatement to his former position, or

c.  Lost wages, travel expenses, and funds expended in seeking other employment;

d.  Attorneys' fees and expenses as Plaintiff incurred and/or

e.  Such other and further relief as the Court deems appropriate.

By _____
LAURA C. WARING
GRIMBALL & CABANISS, L.L.C.
PO Box 816
Charleston, SC 29402
(843) 722-0311
e-mail: laura.waring@grimcab.com

ATTORNEYS FOR THE PLAINTIFF

Charleston, SC

September 19, 2013


EXHIBIT A

**FOR OFFICIAL USE ONLY**

U.S. Department
of Transportation
**Federal Aviation Administration**

Office of Audit and Evaluation
800 Independence Ave., SW.
Washington, DC 20591

> **WARNING.** This letter contains information that belongs to the Federal Aviation Administration (FAA) and may only be used for official Government purposes. The information contained in this letter may not be released without the expressed permission of the FAA. Refer all requests for this information to the FAA Whistleblower Protection Program office.

JUL 27 2011

Mr. John J. Woods
1600 Long Grove Drive, Unit 1015
Mount Pleasant, SC 29464

RE: WB1158

Dear Mr. Woods,

This letter is to inform you of the preliminary results of the Federal Aviation Administration's (FAA) investigation of the air carrier safety aspects of your complaint against The Boeing Company under the Whistleblower Protection Program 49 U.S.C. § 42121.

The FAA has completed its preliminary investigation of the safety allegations contained in your complaint. This investigation has established that a violation of an order, regulation, or standard relating to air carrier safety operations may have occurred. Therefore, the FAA is taking appropriate corrective action concerning this matter. If additional information is required from you, an FAA investigator or attorney will contact you.

Please note that the FAA's disposition of the safety issues outlined in your complaint is independent of the U.S. Department of Labor's separate investigation into your allegations of discrimination.

Thank you for bringing this matter to our attention.

Sincerely,

SIGNED

Al Westrom
Acting Manager, Whistleblower Protection Program

**FOR OFFICAL USE ONLY**

*PUBLIC AVAILABILITY TO BE DETERMINED
UNDER 5 USC 552*

0010

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | C.A. NO.: 2013-CP-10- 5524 |
| | ) | |
| JOHN WOODS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CERTIFICATE OF MAILING** |
| | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

*FILED 2013 SEP 19 PM 4:23 JULIE J. ARMSTRONG CLERK OF COURT*

I do hereby certify that I have on this 19th day of September, caused the foregoing Summons and Complaint to be served on Defendant herein by mailing true and correct copies thereof, in the U.S. Certified Mail, postage pre-paid, to the following addresses:

Corporation Service Co., Registered Agent
The Boeing Company
1703 Laurel Street
Columbia, SC 29201
***Via Certified Mail***

Jessica Fougerousse, Legal Assistant
**GRIMBALL & CABANISS, LLC**
473 Savannah Highway (29407)
P.O. Box 816
Charleston, SC 29402
(843) 722-0311
(843) 722-1374 (fax)

**GRIMBALL & CABANISS, L.L.C.**
ATTORNEYS AT LAW
473 SAVANNAH HIGHWAY
POST OFFICE BOX 816
CHARLESTON, SOUTH CAROLINA 29402-0816

TELEPHONE (843) 722-0311
FACSIMILE (843) 722-1374

E-MAIL law@grimcab.com
www.grimcab.com

September 19, 2013

The Honorable Julie J. Armstrong
Charleston County Clerk of Court
100 Broad Street, Suite 106
Charleston, SC 29401

Re:   John J. Woods v. Boeing Company

Dear Julie:

  This office represents the Plaintiff in the above-referenced matter. Enclosed are the originals and one copy each of a Civil Action Cover Sheet, Summons and Complaint on behalf of our client. Also enclosed is a check in the amount of $150.00 for filing. Please record these documents and return the clocked copies to this office in the envelope provided.

  Thanking you for your attention in this matter, I am

       Very truly yours,

       Laura C. Waring

LCW/jlf

Enclosures (as noted)

Cc: Corporation Service Co., Registered Agent
   Cherie Blackburn, Esquire